UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DOUGLAS FAULKNER, et al.,

        Plaintiffs,

        -against-                                                97 Civ. 9361 (LAK)

NATIONAL GEOGRAPHIC SOCIETY, et al.,

        Defendants.
------------------------------------- x
SALLY FAULKNER, et al.,

        Plaintiffs,

        -against-                                                99 Civ. 12488 (LAK)

NATIONAL GEOGRAPHIC SOCIETY, et al.,

        Defendants.
------------------------------------- x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        To the extent that state law claims remained in these two cases at the time the Court ruled on defendants' motions for partial summary judgment dismissing the copyright infringement claims, it dismissed those state law claims for lack of subject matter jurisdiction. It granted a Rule 54(b) certificate with respect to its dismissal of the copyright infringement claims. *Faulkner v. National Geographic Society,* 294 F. Supp.2d 523, 548-49 (S.D.N.Y. 2003).

        Immediately following the entry of that decision, defendants asked that the Court reconsider the jurisdictional dismissal of the state law claims and that it hold those claims in abeyance pending the Court of Appeals' review of the copyright infringement ruling. Tr., Dec. 23, 2003, at 6-10. There was no objection. *Id.* at 13-14. The cases then were inactive while plaintiffs appealed the copyright infringement ruling.

        Following the Court of Appeals' affirmance of the copyright infringement decision, the Court held a conference to consider what should be done with whatever remained of these and related cases, including the state law claims previously dismissed for lack of subject matter

jurisdiction. A briefing schedule was agreed.

The Court now is in receipt of a stipulation signed on behalf of all parties save those represented by Stephen Weingrad, Esq., which consents to the Court's retention of jurisdiction over the remaining state law claims. Mr. Weingrad has favored the Court with a letter purporting to explain his lack of assent to the stipulation as follows: "I am not aware of any procedure . . . which permits the Court to undo its decision after the appeal." As has occurred in the past, Mr. Weingrad has not shared with the Court any legal authority or reasoning which he may have in mind. *See, e.g., Faulkner v. National Geographic Society,* 296 F. Supp.2d 488, 492-93 (S.D.N.Y. 2003) (describing other failures to Mr. Weingrad to offer any support for his contentions, both in this Court and the Court of Appeals).

Fed. R. Civ. P. 54(b) provides that, in the absence of a determination for the entry of final judgment, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The Rule 54(b) certificate previously entered directed entry of final judgment on the copyright infringement claims, not the state law claims. Accordingly, so much of the order as dismissed the remaining state law claims for lack of subject matter jurisdiction remains subject to revision.

In ordinary circumstances, the dismissal prior to trial of all federal claims in a case in which jurisdiction rests exclusively on the presence of federal questions results in the dismissal of pendent state law claims. But the qualification is important, as district courts have discretion to decide pendent state law claims even after the dismissal of the federal jurisdiction-conferring claims. *See, e.g., Parker v. Della Rocco,* 252 F.3d 663, 666 (2d Cir. 2001); *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996). This is an appropriate case in which to exercise that discretion in favor of entertaining the claims.

To begin with, this controversy has been before this Court for years, and the Court has acquired extensive familiarity with the issues and the evidence. To force the parties to begin again in state court, and to burden a state court with it, would be exceedingly wasteful.

Second, the Court's involvement in this controversy has extended into the area that is the subject of the remaining state claims – the precise contractual relationships between the National Geographic Society and individual photographers and authors. *See, e.g., Ward v. National Geographic Society,* 208 F. Supp.2d 429 (S.D.N.Y. 2002); Faulkner v. National Geographic Society, 211 F. Supp.2d 450 (S.D.N.Y. 2002).

Third, the Court takes into account that all parties except the few represented by Mr. Weingrad wish to have the remaining issues decided in this Court.

Accordingly, the Court grants reconsideration of so much of its prior decision as dismissed the remaining state claims for lack of subject matter jurisdiction and, on reconsideration, declines to dismiss those claims on that basis. The claims will be litigated in this Court.

SO ORDERED.

Dated: March 8, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)